| | |
|---|---|
| EARL BROWN, LINDA HAMILTON, RACHEL MINARD, JEAN JOHNSON, and MARTY MAIURO,<br>        Plaintiffs<br><br>vs.<br><br>TIMOTHY P. WATSON, ALEXANDER BARRY, EDWARD BABCOCK, ROBERT A. BENSON, CAROL BERNARD, MICHAEL HEROUX, LINDA KLINGAMAN, JOSEPH T. LAGRUA, DAVID LONG, and COUDERSPORT AREA SCHOOL DISTRICT,<br>        Defendants | : IN THE COURT OF COMMON PLEAS<br>:<br>: OF POTTER COUNTY, PENNSYLVANIA<br>:<br>: NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

1. Plaintiff, Earl Brown, is an adult resident of Potter County, residing at 105 Cartee Street, Coudersport, Pennsylvania.

2. Plaintiff, Linda Hamilton, is an adult resident of Potter County, residing at 205 Allegany Avenue, Coudersport, Pennsylvania.

3. Plaintiff, Rachel Minard, is an adult resident of Potter County, residing at 214 N. Stevens Street, Shinglehouse, Pennsylvania.

4. Plaintiff, Jean Johnson, is an adult residing at 2447 Jacqueline Drive, No. 604, Hayes, Virginia 23072.

5. Plaintiff, Marty Maiuro, is an adult resident of Potter County, residing at 203 Cartee Street, Coudersport, Pennsylvania.

6. Defendant, Timothy P. Watson, with an address of 365A Cherry Springs Road, Coudersport, Pennsylvania, is sued in his individual capacity and as a member of the Board of School Directors of Coudersport Area School District.

7. Defendant, Alexander Barry, with an address of 120 Dutch Hill Road, Coudersport, Pennsylvania, is sued in his individual capacity and as a member of the Board of School Directors of Coudersport Area School District.

8. Defendant, Edward Babcock, with an address of 712 North Main Street, Coudersport, Pennsylvania, is sued in his individual capacity and as a member of the Board of School Directors of Coudersport Area School District.

9. Defendant, Robert A. Benson, with an address of 301 Ross Glenn, Coudersport, Pennsylvania, is sued in his individual capacity and as a member of the Board of School Directors of Coudersport Area School District.

10. Defendant, Carol Bernard, with an address of 503 South Main Street, Coudersport, Pennsylvania, is sued in her individual capacity and as a member of the Board of School Directors of Coudersport Area School District.

11. Defendant, Michael Heroux, with an address of 522 Route 6 West, Coudersport, Pennsylvania, is sued in his individual capacity and as a member of the Board of School Directors of Coudersport Area School District.

12. Defendant, Linda Klingaman, with an address of 2155 Dividing Ridge Road, Coudersport, Pennsylvania, is sued in her individual capacity and as a member of the Board of School Directors of Coudersport Area School District.

13. Defendant, Joseph T. Lagrua, with an address of 557 Route 49, Coudersport, Pennsylvania, is sued in his individual capacity and as a member of the Board of School Directors of Coudersport Area School District.

14. Defendant, David Long, with an address of 16 Peet Brook Road, Coudersport, Pennsylvania, is sued in his individual capacity and as a member of the Board of School Directors of Coudersport Area School District.

15. Defendant, Coudersport Area School District, is a Pennsylvania Public School District with an administrative office located at 698 Dwight Street, Coudersport, Potter County, Pennsylvania.

16. At all times material to this action, all Plaintiffs were employed as professional employees of the Coudersport Area School District.

17. On May 25, 2005, Plaintiffs received notices from the Defendant School District that they were going to be demoted pursuant to the provisions of the Pennsylvania Public School Code by reducing their work years and salaries.

18. Plaintiff, Earl Brown, is employed as the High School Agricultural Science teacher. His work year was proposed to be reduced from 245 days to 186 days with a corresponding reduction in salary.

19. Plaintiff, Marty Maiuro, is employed as the Elementary School Librarian. Her work year was to be reduced from 196 to 186 days with a corresponding reduction in salary.

20. Plaintiff, Jean Johnson, is the High School Librarian. Her work year was to be reduced from 196 to 186 days with a corresponding reduction in salary.

21. Plaintiff, Linda Hamilton, is employed as a High School Guidance Counselor. It was proposed to reduce her work year from 196 to 186 days with a corresponding reduction in salary.

22. Plaintiff, Rachel Minard, is employed as the High School Guidance Counselor. It was proposed to reduce her work year from 206 days to 186 days with a corresponding reduction in salary.

23. At no time, has the Board of Directors of the Coudersport Area School District taken action to reduce either the work years and/or salaries of the Plaintiffs as is required by the Pennsylvania Public School Code.

24. Despite failing to take the required legal action to "demote," pursuant to 24 Pa.C.S. § 11-1151, the Defendants, acting as a Board of School Directors, have in fact demoted Plaintiffs in both length of work year and salaries.

25. It is believed and, therefore, averred that the primary motivating factor with regard to the Defendants' demotion of Plaintiffs is a feeling of personal ill will, dislike, disrespect and jealousy with regard to Plaintiff, Earl Brown.

SPENCER, GLEASON, HEBE & RAGUE, P.C.
ATTORNEYS-AT-LAW
WELLSBORO, PA.

26. It appears that for some time, individual members of the School District's Board of School Directors have made disparaging remarks concerning Earl Brown and have stated a very specific intention to "get him" because of the above ill will and animus.

27. It is unknown to Plaintiffs and, in particular, Plaintiff, Earl Brown, the reason or reasons for the personal animus and ill will, other than the fact that he has conducted himself in an exemplary, professional manner with regard to his professional duties and responsibilities and also has been aggressive in protecting and securing his professional rights, including compensation and fringe benefits, and has consistently advocated for all professional employees of the Coudersport Area School District with regard to working conditions, salary, compensation and fringe benefits.

28. Plaintiffs, other than Earl Brown, believe and, therefore, aver that they were demoted simply as a result of the Board of School Directors' desire to "get" Earl Brown and attempt to justify their action by treating all professional employees with extended-year contracts in a similar fashion.

29. Pennsylvania law absolutely mandates that, before a demotion of a professional employee is valid, there must be specific action taken by the Board of School Directors with regard to each professional employee and the nature of the proposed demotion.

30. Pennsylvania law absolutely requires school board members to conduct themselves and render decisions in a reasoned and thoughtful manner, avoiding

arbitrariness, wilfulness or capriciousness with regard to any individual employee or group of employees.

31. Defendants assert that the demotions are an effort on the part of the School District to save money. However, in fact, by making the demotions, the School District is likely to lose substantial state subsidy and, certainly, will lose valuable vocational/agricultural/science programs as well as guidance and library services--all to the detriment of the students and taxpayers of the Coudersport Area School District.

32. This action is brought pursuant to the provisions of the United States Civil Rights Act of 1964, as amended and supplemented, inasmuch as Plaintiffs have been denied federally protected civil rights to be free from arbitrary, unlawful and discriminatory conduct by a state actor, to wit, the individual Defendants and the Coudersport Area School District.

33. Plaintiffs assert a claim for attorney's fees under the federal civil rights Attorney's Fees Act, together with costs.

34. It is believed and, therefore, averred that the Defendants have acted wilfully and maliciously with regard to the individual Plaintiffs; and punitive damages are, therefore, to be awarded.

WHEREFORE, Plaintiffs pray your Honorable Court to enter judgment in their favor and against the Defendants for compensatory and punitive damages, equitable relief in the nature of reinstatement to their former extended-year contracts and

corresponding salaries, and to grant such further relief, including but not limited to an award of attorney's fees and costs, as the Court deems appropriate.

SPENCER, GLEASON, HEBE & RAGUE, P.C.

By: _____
William A. Hebe, Attorney for Plaintiffs
P.O. Box 507
Wellsboro, PA 16901
(570) 724-1832
Attorney I.D. No. 16601

## VERIFICATION

We verify that the statements made in the foregoing Complaint are true and correct. We understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____
Earl Brown

_____
Linda Hamilton

_____
Rachel Minard

_____
Jean Johnson

_____
Marty Maiuro

Dated: 8-1-06

SPENCER, GLEASON,
HEBE & RAGUE, P.C.
ATTORNEYS-AT-LAW
WELLSBORO, PA.